*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CURTIS LEE RICHARDSON III,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 360600
Saginaw Circuit Court
LC No. 17-043882-FC

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

GLEICHER, C.J. (*concurring*).

I fully concur with the majority opinion. I write separately to respectfully respond to the dissent, and to suggest that our Supreme Court consider adopting a Court Rule that would assist trial judges weighing *Batson* objections.

The dissent inaccurately characterizes the majority opinion as having concluded that the dismissal of juror DC was pretextual "because the prosecutor did not ask that juror any questions." The prosecutor's failure to make any inquiries of DC was merely one piece of evidence supporting pretext. As the majority pointed out, the trial court's decision to overrule Richardson's *Batson* objection was devoid of any factual analysis. Instead, the trial court essentially agreed with the assessment of an interested and unsworn courtroom witness that DC may have been "dozing." The dissent correctly recites the general rule that a trial court's credibility assessments are not subject to challenge on appeal. But here the trial court made no credibility judgement; it dodged the issue by accepting that *a prosecution witness* was credible. That might be good enough if the prosecutor himself (or anyone else) had actually seen the alleged dozing. But that is not what the record reflects.

An appellate court's review of a trial court's *Batson*'s ruling is complicated not only by the need to review a cold record, but also by the inherent difficulty in applying the three-step framework when implicit rather than explicit bias may have motivated a strike. Justice David Breyer presciently observed in *Miller-El v Dretke*, 545 US 231, 267–68; 125 S Ct 2317; 162 L Ed 2d 196 (2005) (BREYER, J., concurring) that "at step three, *Batson* asks judges to engage in the

awkward, sometime hopeless, task of second-guessing a prosecutor's instinctive judgment—the underlying basis for which may be invisible even to the prosecutor exercising the challenge." The academic literature cited by Justice Breyer in *Miller-El* makes a powerful case that "despite *Batson*, the discriminatory use of peremptory challenges remains a problem." *Id*. at 268.

At least one state has responded to the challenge of "protecting litigants' rights to equal protection of the laws and jurors' rights to participate in jury service free from racial discrimination" by adopting a Court Rule creating a new step three inquiry. See *State v Jefferson*, 192 Wash 2d 225, 229-230; 429 P3d 467 (2018) and *State v Vandyke*, 318 Or App 235, 239 n 1; 507 P3d 339 (2022) (AOYAGI, J., concurring). See also Wash General R 37.[1] In my view, our Supreme Court should consider an amendment to the Court Rules that more effectively addresses potential bias in the jury selection process.

/s/ Elizabeth L. Gleicher

---

[1] This rule can be accessed online at the following link: <https://www.courts.wa.gov/court_rules/pdf/GR/GA_GR_37_00_00.pdf>.